FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 0 2 2020

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARKIEST JOHNSON,**                                    **PLAINTIFF**
**Individually and on**
**Behalf of All Others Similarly Situated**

This case assigned to District Judge _____
and to Magistrate Judge _____

vs.                                    4:20cv- 01 - LPR

**FIBER GLASS SYSTEMS, L.P.**                                    **DEFENDANT**

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Markiest Johnson ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys Chris Burks and Brandon Haubert of WH LAW PLLC, and for his Class and Collective Action Complaint against Defendant Fiber Glass Systems, L.P. ("Defendant"), and in support thereof does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     Plaintiff, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201 *et seq.*, for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees, as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated a lawful minimum wage and overtime wages as required by the FLSA and AMWA.

## II.    JURISDICTION AND VENUE

2.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.    Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

4.    Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims.

5.    Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.    The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

7.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8.    Plaintiff is a resident and domiciled in Pulaski County.

9.    Plaintiff worked for Defendant as an hourly-paid shift worker at the Little Rock, Arkansas fiber glass production facility.

10.    At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

11.    Defendant Fiber Glass Systems, L.P., is a foreign, limited partnership operating under the laws of the State of Arkansas, manufacturing frozen pancakes distributed throughout the United States.

12.    Defendant Fiber Glass Systems, L.P., has a corporate office in Houston, Texas.

13.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14.    During each of the three years preceding the filing of this Complaint, Defendant had at least four employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, such as construction aggregates and other infrastructure materials.

15.    Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

16.    Defendant's registered agent for service of process in Arkansas is The Corporation Company, 124 West Capitol Ave., Suite 1900, Little Rock, Arkansas 72201.

17.    Defendant employed Plaintiff, including by the creation and maintenance of the pay policy applicable to Plaintiff, the power to supervise, hire, fire and discipline Plaintiff, and to set the schedule and conditions of Plaintiff's work.

## IV.    FACTUAL ALLEGATIONS

18.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

19.    Plaintiff work for Defendant as an hourly-paid shift production worker.

20.    Plaintiff worked at Defendant's fiberglass manufacturing location at 2700 W 65th St., Little Rock, AR 72209.

21.    Throughout Plaintiff's employment, Defendant classified Plaintiff and other hourly-paid employees as non-exempt and paid them an hourly rate.

22.    It was Defendant's commonly applied practice not to pay Plaintiff and other hourly-paid shift production employees for all the hours during which they performed labor for Defendant.

23.    Specifically, Plaintiff and other hourly-paid shift production employees were required to work for up to fifty (50) minutes per week donning personal protective equipment and safety gear while not clocked-in.

24.    Plaintiff and other hourly-paid shifty production employees performed work for the benefit of Defendant during this time, as the personal protective gear was required for Plaintiff and other hourly-paid shift production employees to do their jobs that deal with raw chemical materials involved in making fiber glass products.

25.    The personal protective equipment and gear had to be put on in a specific sequence, and it was Defendant's policy to not allow Plaintiff and other hourly-paid shift production employees to clock in while putting on equipment and gear.

26.    Defendant required Plaintiff and other hourly-paid shift production workers to arrive for work before their regularly scheduled shifts.

27.    Plaintiff and other hourly-paid shift production workers began work up to fifteen (15) minutes or more before their regularly scheduled shifts began.

28.     Defendant did not permit Plaintiff and other hourly-paid workers to clock in until after all personal protective equipment and gear was put on and they walked a distance to the production floor.

29.     As a result of these policies, Defendant failed to pay Plaintiff and other hourly-paid shift production employees a lawful minimum wage for all hours worked and a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

30.     At all relevant times herein, Defendant failed to accurately record all of the time worked off-the-clock by Plaintiff and other hourly-paid shift production workers and failed to properly compensate all of the off-the-clock hours.

31.     Defendant knew or should have known that the job duties of Plaintiff required Plaintiff and other hourly paid employees to work hours in excess of their recorded hours, yet Defendant failed and refused to compensate Plaintiff and other hourly-paid employees for their work as required by the FLSA.

32.     At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA.

33.     Further, Plaintiff and other hourly-paid employees were also paid non-discretionary cash awards and bonuses on a regular basis when certain objective and measurable criteria were met.

34.     Defendant paid Plaintiff and other hourly-paid employees one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

35.     When calculating Plaintiff's and other hourly-paid employees' bonuses, Defendant did not include all of the bonuses and cash awards paid to Plaintiff and other hourly-paid employees in their regular rates of pay when calculating their overtime pay.

36.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as production or attendance based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

37.     Defendant violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiff and other hourly-paid employees in their regular rate when calculating their overtime pay.

33.     Defendant's pay practices were the same for all hourly workers at the Little Rock facility.

34.     Defendant's hourly-paid employees were classic manual laborers, working with machinery and equipment to produce Defendant's products in a factory setting.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

35.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36.     The FLSA Collective consists of all persons who were, are, or will be employed by Defendant as hourly-paid shift production workers at any time within the applicable statute of limitations period.

37.     The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

38.     The members of the proposed Hourly FLSA Collective are similarly situated in that they share these traits:

a.     They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA;

b.     They were paid hourly rates; and

c.     They were subject to Defendant's common policy of requiring employees to work time for which they were not compensated.

d.     They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week.

41.     Plaintiff is unable to state the exact number of potential members of the FLSA Collective but believes that the class exceeds ninety (90) persons.

42.     Defendant can readily identify the members of the Section 16(b) Collective, which encompasses all hourly-paid plant workers within the past three years.

43.     The names and physical and mailing addresses of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## **B.    AMWA Rule 23 Classes**

44.    Plaintiff individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45.    Plaintiff proposes to represent all persons who were, are, or will be employed by Defendant as similarly situated hourly-paid workers within Arkansas at any time within the applicable statute of limitations period.

46.    Upon information and belief, Defendant employs or has employed within the statutory period more than forty hourly employees within Arkansas. Therefore, the proposed Hourly AMWA Class is so numerous that joinder of all members is impracticable.

47.    Common questions of law and fact relate to all of the proposed Hourly AMWA Class members, such as:

a.    Whether Defendant had an unlawful policy of requiring employees to work hours for which they were not compensated;

b.    Whether Defendant maintained accurate records of hours worked by members of the proposed class as required by the AMWA; and

c.    Whether Defendant paid the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

48.     The above common questions of law and fact predominate over any questions affecting only the individually named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the AMWA Class.

49.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempt employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

50.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

51.     Concentrating the litigation in this forum is highly desirable because Defendant is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked within Arkansas.

52.     No difficulties are likely to be encountered in the management of this class action.

53.     The claims of Plaintiff are typical of the claims of the proposed classes in that Plaintiff worked as hourly employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

54.     Plaintiff and their counsel will fairly and adequately protect the interests of the class.

55.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

56.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.     FIRST CAUSE OF ACTION
## (Individual Claim for FLSA Overtime Violations)

57.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

58.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

59.     During the relevant time period, Defendant unlawfully refrained from paying Plaintiff a lawful overtime premium for hours over forty per week.

60.     Defendant's failure to pay Plaintiff lawful overtime wages owed was willful.

61.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

62.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

65.     Defendant classified Plaintiff and all similarly situated members of the Hourly FLSA Collective as non-exempt from the overtime requirements of the FLSA.

66.     Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated a lawful overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

67.     In the past three years, Defendant has employed many hourly-paid industrial workers.

68.     Like Plaintiff, these hourly-paid plant workers regularly worked more than forty (40) hours in a week.

69.     Because these employees are similarly situated to Plaintiff, and are owed unpaid wages and overtime for the same reasons, the opt-in class may be properly defined as:

**All hourly-paid shift production employees within the past three years.**

70.     Defendants willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

71.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

72.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

73.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

74.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

75.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

76.     Defendant failed to pay Plaintiff a lawful overtime premium for hours over forty per week, as required under the AMWA.

77.     Defendant's failure to pay Plaintiff a lawful overtime rate of pay for hours worked over forty (40) in a given week was in violation of the AMWA.

78.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

79.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

80.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     FOURTH CAUSE OF ACTION
### (Class Action Claim for Violation of the AMWA)

81.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

82.     Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

83.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

84.     Defendant classified Plaintiff and all members of the AMWA Class as non-exempt from the overtime requirements of the AMWA.

85.     Despite the entitlement of Plaintiff and the members of the proposed class to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and the members of the proposed class for all hours worked, including an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

86.     Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid shift production employees in Arkansas within the past three years.**

87.     Defendant willfully failed to pay lawful overtime wages to Plaintiff and the members of the proposed class.

88.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## X.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Markiest Johnson, individually and on behalf of others similarly situated, respectfully prays for declaratory relief and damages as follows:

A.     That Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

D.     A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act and attendant regulations;

E.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

F.    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;* and the Arkansas Minimum Wage Act.

G.    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and Putative Class Members during the applicable statutory period;

H.    An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

I.    Such other and further relief as this Court may deem necessary, just and proper.


Respectfully submitted,

**MARKIEST JOHNSON,**
**Individually and on Behalf of All Others**
**Similarly Situated, PLAINTIFF**

WH LAW, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:    _____
Chris W. Burks (ABN: 2010207)
chris@whlawoffices.com

_____
Brandon M. Haubert (ABN: 2013137)
brandon@whlawoffices.com